(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

DISMISSAL AND NONSUIT—DISOBEDIENCE OF ORDER OF COURT—NONPAYMENT OF COSTS.

Where the motion of plaintiff to withdraw a juror was granted on condition that he pay defendant's taxable costs within a specified time, or in default the complaint should be dismissed, and plaintiff failed to pay the costs, a judgment of dismissal was proper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Dismissal and Nonsuit, § 117.]

Appeal from Trial Term, Kings County.

Action by Margaret Molloy, executrix of Daniel Molloy, deceased, against the Metropolitan Street Railway Company. From a judgment of dismissal, entered on default of plaintiff to comply with the conditions on which he was allowed to withdraw a juror on the trial of the cause, plaintiff appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Wm. Pinkney Hamilton, Jr., for appellant.
Bayard H. Ames (Anthony J. Ernest, on the brief), for respondent.

GAYNOR, J. This is a strange case. On meeting with difficulties in making his proofs on the trial, and being himself of the opinion that he had not made out a case, the plaintiff's attorney was allowed on his own motion to withdraw a juror. The court imposed the condition that the plaintiff pay the defendant's taxable costs and disbursements within 10 days, in default of which the complaint should be dismissed. The conditions were not complied with and a judgment of dismissal was entered. The plaintiff appeals from that judgment and discusses several alleged errors of the trial judge in the exclusion of evidence. The case and exceptions consist of 11 pages, the brief for the appellant consists of 15 pages, and that for the defendant of 32 pages—an abuse with which we are growing painfully familiar. Nothing is said of the fact that the court did not dismiss the case, but allowed the plaintiff to withdraw a juror, and that the dismissal is based solely on his default to comply with the conditions imposed.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

JAFFE v. MINDLIN et al.

(Supreme Court, Appellate Term. June 5, 1908.)

TRIAL—SHORT-CAUSE CALENDAR.

It is no abuse of discretion to set for trial on the short-cause calendar on defendant's motion, an action for breach of contract of employment, because it would cut off plaintiff from obtaining the damages he might have obtained, had the trial of the case been delayed until it could have been tried on the regular calendar.

Appeal from City Court of New York, Special Term.

Action by Julius Jaffe against Henry Mindlin and another for breach of contract. From an order advancing the cause for trial on the short-cause calendar, and an order denying a motion for a reargument, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GERARD, JJ.

Goldfogle, Cohn & Lind, for appellant.
Hillquit &·Hillquit, for respondents.

GERARD, J. The plaintiff appeals from an order granted over his objection to advance the cause for trial for an early date on the short-cause calendar of the City Court, and from an order denying a motion for a reargument.

Plaintiff brought his action to recover damages for a breach of contract of employment. The defendants secured an order placing the cause upon the short-cause calendar, and plaintiff takes the extraordinary position that the order was not properly granted, because it will cut him off from obtaining damages which he says he would otherwise obtain; plaintiff claiming that when he brought the case he thought it would take a long time to come to trial, and that by the time it came to trial he would obtain all the damages to which he was entitled. If the plaintiff indulges in the luxury of a lawsuit, he must commence it subject to all the chances of the rules of the court, and there was no abuse of discretion in the court below in setting down this case for trial on the short-cause calendar on defendants' motion.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.